**In re ESTATE OF BEDNARCZUK et al.**

[Cite as *In re Estate of Bednarczuk* (1992), 80 Ohio App.3d 548.]

Court of Appeals of Ohio,
Warren County.

No. CA91–08–065.

Decided June 8, 1992.

*Gray, Duning & Dunlap* and *Anne E. Krehbiel,* for appellee.

*Whitaker & Peeler* and *Michael J. Davis,* for appellant.

WALSH, Judge.

Petitioner-appellant, Keith Bednarczuk, appeals a decision of the Warren County Court of Common Pleas, Probate Division, appointing appellee, John L. Conger, guardian of the estate of Ryan Bednarczuk, a minor.

The record indicates that appellant and Connie Bednarczuk were married in 1973. They had one child as issue of the marriage, a son named Ryan. At the time of the proceedings below, Ryan was eleven years old.

Appellant and Connie Bednarczuk were divorced by a decree dated June 29, 1983. After a prolonged illness, Connie died on February 24, 1991. In her will, she left Ryan an estate in excess of $125,000. She also stated in her will that she wanted her father, appellee, to be the guardian of the estate of Ryan with respect to the property she left him in the will.

On May 23, 1991, appellee filed an application in the probate court to be appointed guardian of the estate of Ryan as requested in Connie Bednarczuk's will. On July 10, 1991, appellant filed an objection to the appointment of a guardian and in the alternative petitioned the court to name him as the sole guardian of both the person and estate of Ryan.

A hearing on the matter was held on July 30, 1991. At the hearing, appellee testified that he had experience in managing money and that he was familiar with the assets of the estate left to Ryan. In fact, appellee's testimony indicated that he had overseen the estate in question, as well as Connie Bednarczuk's other financial affairs, during the last several years of her life. In general, appellee expressed the opinion that he would be a proper guardian of the estate.

Appellant, however, stated that there was no necessity for the appointment of a guardian. He testified that he had operated his own optometry practice for many years and was well qualified to manage Ryan's affairs. While conceding that he was not familiar with the assets that comprised the estate, he stated that his knowledge of financial matters and his concern for Ryan's welfare made him the appropriate person to manage the estate.

In a judgment entry filed July 31, 1991, the probate court appointed appellee, Ryan's maternal grandfather, the guardian of the estate for Ryan as to the assets left to him in his mother's will, effective until Ryan reaches majority. Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court committed reversible error in overruling appellant's objections to the appointment of a guardian for Ryan Bednarczuk (or alternatively

appointing appellant as guardian) for reason that appellant has a statutory entitlement to his minor child's care, custody, control, nurture, welfare, education and to the care and management of his estate."

Assignment of Error No. 2:

"The trial court erred to the prejudice of appellant, thereby committing reversible error, in failing to find and/or consider a less restrictive alternative to a guardianship."

Assignment of Error No. 3:

"The trial court committed reversible error in sustaining appellee's objection at page 31 and page 32 of the transcript of proceedings for reason that appellant should have been permitted to cross-examine the witness on appellant's fitness to manage the affairs of the minor child herein."

■ In his first assignment of error, appellant argues that, as the natural father of Ryan, he had a statutory entitlement to be the guardian of Ryan's estate. R.C. 2111.02, governing the appointment of guardians, provides in part as follows:

"(A) When found necessary, the probate court on its own motion or on application by any interested party shall appoint, subject to division (C) of this section and to section 2109.21 and division (B) of section 2111.121 of the Revised Code, a guardian of the person, the estate, or both, of a minor or incompetent * * * [.]"

■ In matters relating to guardianships, the probate court is required to act in the best interest of the minor or incompetent. *In re Guardianship of Elliott* (Dec. 16, 1991), Madison App. No. CA91–01–002, unreported, 1991 WL 268238; *In re Mahaffey* (Jan. 20, 1987), Butler App. No. CA86–10–147, unreported, 1987 WL 5503. It is well settled that a probate court has broad discretion in appointing guardians and that decisions regarding the appointment of guardians will not be reversed absent an abuse of discretion. *In re Mahaffey, supra.* The term "abuse of discretion" means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In the instant case, the court did not abuse its discretion in finding that the appointment of appellee as Ryan's guardian was in Ryan's best interest. It is undisputed that, as a child of eleven years of age, Ryan requires someone to oversee an estate of $125,000. The evidence indicated that appellee had experience in managing money and was familiar with the assets of the estate, having managed those assets for several years. The evidence further indicated that appellee would administer the estate according to Ryan's best interest.

While appellant also demonstrated the ability to manage financial affairs and testified that he would manage the assets in Ryan's best interest, the evidence indicated that he was not acquainted with the assets in Ryan's estate and had never managed those assets. Under these circumstances, we cannot say that the probate court abused its discretion in appointing appellee the guardian of the estate.

Appellant argues, however, that a biological parent has a statutory entitlement to be the guardian of the estate of the minor. He cites R.C. 2111.08, which provides in part as follows:

"The wife and husband are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare, and education and the care and management of their estates. * * *"

However, appellant does not provide, and we cannot find, any authority for the proposition that this language, which makes a husband and wife equally responsible for the care of their minor children, further creates an entitlement for an ex-husband parent to be the guardian of an estate devised to the minor by the other ex-wife parent.

Appellant does cite several cases for the proposition that, in order for there to be an appointment of a guardian other than the natural parent, there must be a showing that the parent (1) has abandoned the child; (2) has contractually relinquished custody, (3) is totally unable to provide for the care or support of the child, or (4) is otherwise unsuitable for the custody of the child. See, e.g., In re Perales (1978), 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047; In re Jewell (Dec. 6, 1984), Athens App. No. 1190, unreported, 1984 WL 5681. Appellant contends that, because there was no showing of unsuitability in the instant case, the court erred in appointing appellee the guardian of the estate.

We do not find this argument to be persuasive. As appellee notes, all of the cases cited by appellant concern the appointment of a guardian of the person of the minor, not a guardian of the estate. While appellant contends that the same considerations are present in the two types of guardianships, we do not agree. The case law explicitly recognizes the importance of a biological parent's role in nurturing his children and in providing emotional support. This "paramount right of custody" is cited as the justification for requiring a greater showing of necessity for the appointment of a guardian of the person. See, e.g., In re Jewell, supra. The law does not recognize a parallel entitlement of a parent to manage a minor's finances. See, e.g., Weiand v. Akron (1968), 13 Ohio App.2d 73, 42 O.O.2d 178, 233 N.E.2d 880.

Further, the statutory basis for a probate court's inquiry into the suitability of a parent is R.C. 2111.06, which addresses the appointment of the guardian

of the person. That section states, "[a] guardian of the *person* of a minor shall be appointed as to a minor * * * whose parents are unsuitable persons to have the custody and tuition of such minor." (Emphasis added). See, also, *In re Jewell, supra.* Thus, the necessity for demonstrating unsuitability is present only in cases involving a guardianship of the person and not, as in the instant case, a guardianship of the estate only.

We accordingly conclude that the probate court's refusal to inquire as to appellant's suitability as a parent was proper. Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the court erred in failing to order a less restrictive alternative to the guardianship. R.C. 2111.02 provides, in part, as follows:

"(C) Prior to the appointment of a guardian or limited guardian under division (A) or (B)(1) of this section, the court shall conduct a hearing on the matter of the appointment. The hearing shall be conducted in accordance with all of the following:

"* * *

"(5) Evidence of a less restrictive alternative to guardianship may be introduced, and when introduced, shall be considered by the court;

"(6) The court may deny a guardianship based upon a finding that a less restrictive alternative to guardianship exists[.]"

Once again, the court must base its decision on the best interest of the minor and its decision will not be reversed on appeal absent an abuse of discretion. *In re Mahaffey, supra.*

We find no abuse of discretion in the case at bar. Appellant asserts that it would have been less restrictive to appoint the same person as the guardian of the person and the guardian of the estate, but he does not explain why that is so. Appellant concedes that Ryan is incapable of managing the $125,000 estate by himself and that there must be control over the funds to protect Ryan's interests. Further, appellant has expressly disclaimed any need for the funds to support Ryan and agreed that the assets should be preserved for Ryan's future. As such, appellant does not, in effect, argue that the guardianship unduly restricts Ryan in his use of the money, but rather restates the argument that the probate court chose the wrong party to oversee the funds. As noted above, we are not persuaded by that argument.

■ Further, the probate court's decision reflects that it considered the restrictiveness of the guardianship. The court limited the guardianship to the funds devised to Ryan in Connie Bednarczuk's will, with the guardianship to cease when Ryan reaches majority. Ryan's other assets, including his Social

Security benefits, were specifically excluded from the guardianship. As such, it is evident that the probate court considered the extent to which the proposed guardianship would restrict Ryan's use of his assets and rendered its decision accordingly. Appellant has failed to demonstrate that he was in any way prejudiced by the court's structuring of the guardianship. Accordingly, the second assignment of error is overruled.

In his third and final assignment of error, appellant argues that the probate court erred in curtailing his cross-examination of appellee. At the hearing, appellant attempted to cross-examine appellee concerning appellee's belief or knowledge of appellant's ability to manage the estate. The court sustained appellee's objection to that line of cross-examination, and appellant claims prejudicial error in the court's ruling.

Evid.R. 611 provides in part as follows:

"(B) Scope of cross-examination. Cross-examination shall be permitted on all relevant matters and matters affecting credibility."

It is well settled that decisions concerning evidentiary questions, including the scope of cross-examination, are within the discretion of the trial court and will not be reversed absent an abuse of discretion. *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 163, 17 O.O.3d 98, 100, 407 N.E.2d 490, 493; *Fireman's Fund Ins. Co. v. Mitchell–Peterson, Inc.* (1989), 63 Ohio App.3d 319, 578 N.E.2d 851.

In the case at bar, the court did not abuse its discretion in limiting the cross-examination. It is true, as appellant states, that his ability to serve as guardian of Ryan's estate was relevant. Appellant had filed a cross-petition to become the sole guardian of Ryan's person and estate, and therefore appellant's ability to discharge that position was at issue. Nonetheless, we see no error in the court's ruling, as appellant had introduced evidence of his fitness to be Ryan's guardian during the presentation of his case. Appellant testified that he was proficient in financial affairs and would manage the estate according to Ryan's best interest. Appellant has failed to demonstrate how appellee's views of his abilities would materially aid his case. Further, appellee did not express an opinion as to appellant's abilities on direct examination, and thus cross-examination on that issue was not necessary for rebuttal or impeachment purposes. We find no abuse of discretion on the part of the court, and appellant's third assignment of error is overruled.

The judgment of the probate court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and REID, J., concur.

M. DAVID REID, J., of the Greene County Common Pleas Court, sitting by assignment.