OPINION
Appellant, Edna Mae Owen, appeals two decisions of the Lake County Court of Common Pleas, Probate Division, adopting a magistrate's decision recommending that a third party be appointed appellant's guardian and appointing Attorney Dale F. Brown, ("Mr. Brown") guardian of appellant and her estate.
Appellant executed a durable power of attorney, which gave Panayiotta Chesnes, a friend and neighbor, authority to make decisions regarding appellant's assets. Ruth James, appellant's sister, Ms. Chesnes, and Darlene Chandler, a friend of Ms. Chesnes, each filed separate applications requesting appointment as guardian of appellant.
The court appointed Russell J. Mergalio to investigate the applications. He recommended that the court appoint an independent third party as guardian. Dr. Bertschinger, a physician appointed by the court, conducted an impartial evaluation of appellant's competency and diagnosed appellant with moderate senile dementia, of an Alzheimer's type. He concluded that appellant's "dementia places her in a state of emotional vulnerability where she could be easily manipulated" and opined that appointment of a guardian of her person and estate would be in appellant's best interest.On November 8, 2000, a guardianship hearing was conducted. No evidence was presented that appellant was competent, to contest Dr. Bertschinger's opinion. Following the hearing, the magistrate recommended that appellant be found incompetent, that all the applications for guardianship be denied, and that a third party be appointed guardian. The parties filed objections to the magistrate's decision. On January 9, 2001, the court adopted the magistrate's decision pursuant to R.C. 53(E)(4) and, in a separate judgment entry, appointed Mr. Brown guardian. As a result of the trial court's findings, appellant, eighty-eight years old, was made a ward of the Lake County Court of Common Pleas, Probate Division. From these decisions, appellant assigns the following assignment of error:
 "[1.] The trial court committed error in not following the mandates of Ohio Revised Code, Section 2111.121, and Revised Code, Section 1337.09, together with the testimony of Edna Mae Owen, appellant."
 In her sole assignment of error, appellant argues that the trial court erred in failing to appoint Ms. Chesnes the guardian of both her person and estate. In support of her argument, appellant contends that the trial court did not sufficiently consider the durable power of attorney executed in favor of Ms. Chesnes.
Probate courts have broad discretion when appointing guardians under R.C. 2111.02(A) and their decisions will not be reversed absent a showing of an abuse of that discretion. In re Estate of Bednarczuk (1992),80 Ohio App.3d 548, 551. Abuse of discretion requires more than an error in judgment or law; it connotes that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
R.C. 2111.121 provides that, "a person may nominate in a writing, * * * another person to be the guardian of the nominator's person, estate, or both * * *." In this case, the durable power of attorney does not nominate Ms. Chesnes as appellant's guardian, nor was the probate court required to obtain appellant's consent to her guardianship since her incompetence was due to mental impairment. In re Guardianship ofBrunstetter (Aug. 7, 1998), Trumbull App. No. 97-T-0089, unreported, 1998 Ohio App. LEXIS 3635, at *8. Even assuming, arguendo, that appellant had expressly nominated Ms. Chesnes as her guardian in her most recent durable power of attorney, R.C. 2111.121(B) provides that the court shall only appoint the named person as guardian, if that person is competent, suitable, and willing to accept the appointment.
Thus, in the absence of such an express nomination, our review is limited to a determination of whether the probate court abused its discretion in appointing Dale Brown to serve as guardian of appellant's person and estate. R.C. 2111.02(A) provides that, when found necessary, the probate court "shall appoint * * * a guardian of the person, the estate, or both, of a[n] incompetent * * *." A finding of incompetence must be established by clear and convincing evidence. R.C. 2111.02(C)(3). When making guardianship determinations, the probate court must focus on the best interest of the ward. Bednarczuk, supra, at 551.
The court determined that Ms. Chesnes was not suitable for the appointment. Ms. Chesnes' unsuitability is evident from the report of the magistrate, adopted by the trial court, and from the partial transcript of the guardianship hearing. At the hearing, Ms. Chesnes, who is unemployed, testified that she assists appellant by: cooking; cleaning; shopping; writing out checks for appellant to sign; and, collecting rent from appellant's tenants. Ms. Chesnes testified that, although she has no other source of income, she does not receive a salary for the care she provides. She further attested that appellant pays her bills and helps her financially. In fact, appellant deeded her own home to Ms. Chesnes. The deed provides that the conveyance was made "for valuable consideration paid" but appellant filed a statement requesting an exemption from paying the real property conveyance fee because the property was transferred "[t]o or from a person when no money or other valuable and tangible consideration readily convertible into money is paid or to be paid for the transaction and the transaction is not a gift[.]" Appellant testified, in contrast, that she does not pay Ms. Chesnes' bills and that Ms. Chesnes does not collect rent from appellant's tenants.
In summation, the durable power of attorney does not expressly nominate Ms. Chesnes as guardian of the person and estate of Edna Mae Owen, the trial court determined that Ms. Chesnes is unsuitable for such an appointment, and the appointment of a third party to act as appellant's guardian is in her best interest. Thus, the trial court did not abuse its discretion.
Based on the foregoing the judgment of the Lake County Court of Common Pleas, Probate Division is affirmed.
FORD, P.J., GRENDELL, J., concur.