OPINION
{¶ 1} Appellant, Geralyn Stancin, appeals from the judgment of the Franklin County Court of Common Pleas, Probate Division, appointing appellee, Julie Vore, as appellant's guardian. For the following reasons, we affirm.
 {¶ 2} On March 6, 2002, appellant filed an application for the appointment of appellee as her conservator. Thirteen days later, appellee filed an application for her appointment as appellant's guardian due to appellant's incompetency. On March 26, 2002, both applications came before the magistrate for adjudication. During the hearing, the magistrate heard appellee's testimony and accepted into evidence the Statement of Expert Evaluation, the court investigator's report, documentation regarding outstanding taxes on appellant's property, and findings of fact issued as part of a proceeding before the Franklin County Municipal Court, Environmental Division, describing the condition of appellant's property.
 {¶ 3} On March 27, 2002, the magistrate issued his decision ordering the conservatorship application dismissed and appointing appellee guardian of appellant's person and estate. On the same day that the magistrate's decision was issued, the Probate Court adopted the decision and entered judgment accordingly.
 {¶ 4} In response to the magistrate's decision, appellant filed timely objections, asserting that the magistrate improperly admitted hearsay and privileged testimony. After a hearing on the objections, the Probate Court issued an entry overruling the objections, but limiting the scope of the guardianship to health care decision-making at the request of appellee. Appellant then filed this appeal.
 {¶ 5} On appeal, appellant assigns the following errors:
 {¶ 6} "1. The trial court erred relying upon a written statement of expert evaluation of the appellant in its finding that appellant needs a guardian, thereby violating Rule 802 of the Ohio Rules of Evidence.
 {¶ 7} "2. The trial court erred in relying upon Superintendence Rule 66(A) as a basis for granting the application for guardianship.
 {¶ 8} "3. The trial court erred by admitting the physician's Statement of Expert Evaluation into evidence in violation of the physician-patient privilege.
 {¶ 9} "4. The trial court erred in relying upon hearsay statements of an alleged environmental proceeding pending in the Franklin County Municipal Court as a basis for finding the appellant to be in need of a guardian."
 {¶ 10} Because they are related, we will address appellant's first, second and fourth assignments of error together. By these assignments of error, appellant argues that the Probate Court erred by admitting into evidence two documents containing hearsay: the Statement of Expert Evaluation and the findings of fact from the action before the Franklin County Municipal Court, Environmental Division. We disagree.
 {¶ 11} Although the Ohio Rules of Evidence normally "govern proceedings in the courts of this state," delineated exceptions preclude the application of the rules in certain situations. Evid.R. 101(A). Among these exceptions, Evid.R. 101(C)(7) precludes the application of the Rules of Evidence in "[s]pecial statutory proceedings of a non-adversary nature to which these rules would by their nature be clearly inapplicable." Consequently, the Rules of Evidence are not applicable in proceedings to admit a lost, spoliated or destroyed will, In re Estate of Haynes (1986), 25 Ohio St.3d 101, 104, or in expungement proceedings, State v. Simon (2000), 87 Ohio St.3d 531, 533.
 {¶ 12} Like proceedings to admit a will and expungement proceedings, hearings regarding the appointment of a guardian are non-adversarial special statutory proceedings. In re Guardianship of Thomas, 148 Ohio App.3d 11, 18, 2002-Ohio-1037; In re Guardianship of Schumacher (1987), 38 Ohio App.3d 37, 39. The purpose of guardianship hearings is to gather information in order to determine the best interests of the prospective ward. In re Estate of Bednarczuk (1992),80 Ohio App.3d 548, 551; In re Guardianship of Corless (1981),2 Ohio App.3d 92, 95. Pursuant to R.C. 2111.02(C), a hearing must be held so that the Probate Court can ascertain whether the potential ward is incompetent and, thus, is in need of a guardian. An "incompetent" person is someone who is "so mentally impaired * * * that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for whom the person is charged by law to provide." R.C. 2111.01(D).
 {¶ 13} Application of the hearsay rules would interfere with the Probate Court's ability to review all of the facts relevant to the existence or extent of the prospective ward's mental impairment. For example, pursuant to Sup.R. 66(A), "[a]ll applications for the appointment of a guardian on the grounds of mental incompetency shall be accompanied by either a statement of a physician or clinical psychologist or a statement that the prospective ward has refused to submit to an examination." This Statement of Expert Evaluation, Standard Probate Form 17.1, provides that the statement itself "is evidence to be considered by the Court." If the hearsay rules were applicable to guardianship proceedings, the Probate Court would be barred from gathering and considering the very evidence of incompetency that statute and Superintendence Rules require it to gather and consider. Therefore, due to the non-adversarial nature of the guardianship proceedings and the inherent conflict between the purpose of the guardianship proceedings and the limitations imposed by the hearsay rules, we conclude that the hearsay rules are "clearly inapplicable" to guardianship proceedings.
 {¶ 14} In the matter at bar, because the hearsay rules are inapplicable, we conclude that the Probate Court properly considered both the Statement of Expert Evaluation and the findings of fact from the action pending in the Franklin County Municipal Court, Environmental Division.
 {¶ 15} By appellant's third assignment of error, she argues that the trial court erred in admitting the Statement of Expert Evaluation into evidence because the statement contained communications protected by the physician-patient privilege. We disagree.
 {¶ 16} Pursuant to R.C. 2317.02(B)(1), a physician must not testify "concerning a communication made to the physician * * * by a patient in that relation or the physician's * * * advice to a patient." Although this privilege attaches when a person consults a physician for treatment or diagnosis, it does not extend to situations in which the physician renders an evaluation for litigation purposes. State v. Fears (1999), 86 Ohio St.3d 329, 343 (communications with psychologist hired to give an opinion in preparation for trial not privileged); State v. Hall (2001), 141 Ohio App.3d 561, 568 (physicians' evaluations for the purpose of determining a defendant's competency to stand trial not privileged).
 {¶ 17} In the matter at bar, the physician who prepared the Statement of Expert Evaluation was initially engaged as an independent evaluator in response to an earlier Probate Court proceeding. Further, the physician indicated within the statement that appellant was not his patient. Although appellant later protested that she was a patient of the physician, this unsworn and unsupported allegation is insufficient to overcome both the sworn testimony of appellee that the physician was appointed by the court and the statement of the physician himself that appellant was not a patient. Therefore, we conclude that the Probate Court did not err in admitting the Statement of the Expert Evaluation into evidence.
 {¶ 18} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.