OPINION
{¶ 1} Appellant, Robert Kutz, appeals the decisions of the Fayette County Court of Common Pleas, Domestic Relations and Probate Divisions, granting temporary custody of his two children to their maternal grandparents, appellees Earl and Deborah Lutz ("grandparents"). The decision is reversed and remanded.
 {¶ 2} Robert and Angela Kutz were divorced in May of 2001. Two children were born of the marriage, Janee Marie Kutz and Zachary Jason Kutz. In the final decree of divorce, Robert and Angela were deemed residential parents, with the children primarily residing with Angela. On June 25, 2002, Angela was killed in a car accident.
 {¶ 3} On June 28, 2002, Robert obtained an order from the magistrate of the domestic relations division designating him as the sole residential parent and legal custodian of the children. That evening, he retrieved the children from their grandparents' home and took them to Wisconsin to stay with his family.
 {¶ 4} On that same day, the grandparents petitioned the probate division for guardianship of the children and their estate. The probate division issued a "temporary, emergency" guardianship of the children and their estate to the grandparents with a hearing to be held on July 2, 2002. The grandparents did not learn of the probate decision until Monday, July 1, 2002.
 {¶ 5} On July 2, 2002, a hearing was held in the probate division concerning the emergency guardianship. The judge, who was sitting by assignment for the probate judge who was absent, was also the domestic relations division judge in Fayette County. He subsequently issued a decision in his capacity as the domestic relations division judge as to this matter. The probate division found that it had personal and subject matter jurisdiction over the issue, finding that the children's best interest would be served by continuing the emergency guardianship with the grandparents pending a full hearing on the issue. It also ordered Robert to return the children to Ohio and into the care of the grandparents.
 {¶ 6} On that same day, immediately afterwards, the same judge issued a judgment entry from the domestic relations division concerning the matter. In this entry, the domestic relations division vacated the magistrate's order awarding custody to Robert. It also joined the grandparents as third-party plaintiffs and then transferred its jurisdiction as to the guardianship of the children to the probate division. Robert appeals the decisions of both the probate and domestic relations divisions, raising three assignments of error.
Assignment of Error No. 1
 {¶ 7} "The court below erred when, in its orders of June 28, 2002 and July 2, 2002, it entertained jurisdiction, under R.C. 2111.02, over the matter of custody of the minor children because such jurisdiction continued with the Domestic Relations division, to the exclusion of the Probate Division."
 {¶ 8} Robert maintains that the domestic relations division continues to have jurisdiction over the issue of guardianship of the children. He argues that the domestic relations division can not transfer jurisdiction over the issue of guardianship of the person to the probate division.
 {¶ 9} "The court in which the decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." Loetzv. Loetz (1980), 63 Ohio St.2d 1, 2; R.C. 3109.06. Therefore, even though Angela died, the domestic relations division retains jurisdiction over the custody, care, and support of the children. See Hoffman v. Hoffman
(1864), 15 Ohio St. 427. However, the probate division retains jurisdiction to appoint a guardian over the estate of the children. R.C.2111.02; see In re Estate of Bednarczuk (1992), 80 Ohio App.3d 548.
 {¶ 10} Robert's first assignment of error is sustained. The domestic relations division decision transferring jurisdiction over the guardianship of the children to the probate division is reversed. The probate division order is vacated for lack of jurisdiction as to the guardianship determination over the "person" of the children. However, the probate division may retain jurisdiction over the guardianship determination of the children's estates.
Assignment of Error No. 2
 {¶ 11} "The court below erred when, in its orders of June 28, 2002 and July 2, 2002, it granted custody of the minor children to the maternal grandparents, because R.C. 3109.04(D)(2), which is the only custody statute which applies in this case (to the exclusion of R.C. Chapter 2111 and R.C. Chapter 2151), applies only to custody controversies between the two parents, as opposed to controversies between a parent and a non-parent."
Assignment of Error No. 3
 {¶ 12} "Even if R.C. 3109.04(D)(2) applies to custody controversies between a parent and a non-parent, the court below erred when, in its orders of June 28, 2002 and July 2, 2002, it failed to hear any evidence and determine by a preponderance thereof that it was in the best interests of the children to be in the custody of the maternal grandparents."
 {¶ 13} We will address Robert's second and third assignments of error together.
 {¶ 14} The probate division did not and cannot render a decision pursuant to R.C. 3109.04(D)(2). Our opinion as to the domestic relations division procedure is advisory in nature. However, since the issues and jurisdictions of the various common pleas court divisions became intertwined which confused the procedure and law applicable to this case, we will address the second and third assignments of error.
 {¶ 15} Robert maintains that R.C. 3109.04(D)(2) does not apply. He argues that if we find it does apply, then the domestic relations division should make a suitability determination when deciding who should retain custody of the children.
 {¶ 16} Pursuant to Robert's divorce decree, he had shared parenting with his ex-wife Angela. Upon the death of Angela, Robert filed a motion for change of custody and suggestion of death, which the domestic relations division magistrate granted. However, before the shared parenting is modified, there needs to be a finding by the domestic relations division that a change of circumstances has occurred. See Bauerv. Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552; see R.C.3109.04(E)(1)(a).
 {¶ 17} If the domestic relations division finds that there is a change of circumstances, it may award custody of the children to Robert pursuant to R.C. 3109.04. In the event that the grandparents enter an appearance in this case, the domestic relations division may not consider awarding custody of the children away from the parent to a nonparent unless it makes a suitability determination. See In re Hockstock,98 Ohio St.3d 238, 2002-Ohio-7208, ¶ 24. However, the nonparents, here the grandparents or any other family member that may wish to obtain custody, sustain the burden of proof of Robert's unsuitability. If the domestic relations division were to find Robert unsuitable, it would then need to determine who should obtain custody of the children using the best interest standard.
 {¶ 18} We sustain Robert's second and third assignments of error as they pertain to the probate court granting guardianship of the person of the children to the grandparents and remand for the domestic relations division to determine whether a change of circumstance has occurred.
 {¶ 19} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH and POWELL, JJ., concur.