OPINION
{¶ 1} Appellant, Bernice Faseyitan, appeals from the Mahoning County Probate Court decisions appointing appellee, Jean Williams, as the guardian of the person of Elaine Bush and appointing appellee, Pastor Michael Harrison, as the guardian of the estate of Mrs. Bush, and overruling her motion to vacate these decisions.
 {¶ 2} Ms. Faseyitan, Mrs. Bush, and Jackie Barbara Kennedy are sisters. On September 25, 2001, Ms. Kennedy filed an application for the appointment of a guardian for Mrs. Bush, whom she alleged was incompetent. At that time, Mrs. Bush was 66 years old and had recently lost her husband. The medical evidence filed with the probate court indicated that Mrs. Bush was admitted to Northside Hospital on April 18, 2001 and discharged on May 4, 2001 with diagnoses of "[d]ementia with delusions, dementia of the Alzheimer's type."
 {¶ 3} On October 31, 2001, a hearing was held before a magistrate. At the hearing, Mrs. Bush expressed her opinion that she was not incompetent and did not need a guardian. The magistrate continued the hearing so that Mrs. Bush might attain counsel. On November 13, 2001, appellant filed an application for Mrs. Bush's guardianship. She also filed a letter from Dr. Suman K. Mishr, who diagnosed Mrs. Bush with depression and schizophrenia disorder and recommended that she attend adult day care so that she could interact with other adults.
 {¶ 4} On December 11, 2001, the magistrate held another hearing. Mrs. Bush had not obtained counsel of her own. In a letter dated December 5, 2001, Pastor Harrison stated:
 {¶ 5} "I am writing on behalf of what I have found out concerning Elaine Bush. When seeking a lawyer for competency, I have found this to be unnecessary. She from my own experience wither [sic.] is incapable of staying alone at all. She is in the beginning states of the Alzheimer's disease and from my present experience with my own mother, she is incapable of being alone."
 {¶ 6} The magistrate found Mrs. Bush to be incompetent. He determined that guardianship was necessary, but declined to appoint either Ms. Kennedy or appellant as Mrs. Bush's guardian, citing conflict between the two sisters that would exacerbate the situation. Instead, the magistrate appointed Ms. Williams, a friend of the family, as guardian of the person and Pastor Harrison as guardian of the estate. The magistrate filed a decision reflecting the filing date as December 11, 2001.
 {¶ 7} On further inspection of the magistrate's decision, it appears that someone using whiteout covered over a "9" in "December 19, 2001" and changed the filing date to "December 11, 2001." The date that the magistrate signed the decision was also changed in the same way.
 {¶ 8} On December 20, 2001, the probate court affirmed the magistrate's decision. Appellant filed objections to the decision on January 3, 2002. She filed a timely notice of appeal on January 17, 2002 (case No. 02-CA-16).
 {¶ 9} Apparently, on January 29, 2002, a transcript of the December 11th hearing was mistakenly filed with the civil division of the clerk's office instead of the probate clerk's office. On January 30, 2002, the probate court overruled appellant's objections, without the benefit of a transcript. Appellant then filed a motion to vacate the court's January 30th entry. In a February 19, 2002 judgment entry, the probate court expressed its belief that it lacked authority to consider the motion without a remand order from this court, as appellant had filed a notice of appeal. This court then issued a limited remand, stating that a clerical error may have been made that prevented the probate court from reviewing the hearing transcript that had been filed with the wrong clerk of court. This court also noted that a review of the transcript would be helpful in consideration of appellant's objections to the magistrate's decision. On remand, after reviewing the transcript, the probate court overruled appellant's motion to vacate the January 30th judgment entry. Appellant filed her second notice of appeal from this judgment entry on April 25, 2002 (case No. 02-CA-84). On appellant's motion, we have consolidated the two appeals.
 {¶ 10} Appellant raises two assignments of error, the first of which states:
 {¶ 11} "The Failure To Appoint Counsel Is An Abuse Of Discretion Which Requires Reversal."
 {¶ 12} Appellant argues that the representations of Pastor Harrison do not meet statutory requirements, and that the court's failure to appoint counsel or to, in the alternative, recognize that Mrs. Bush did not believe she was incompetent and that she wanted an attorney is a clear violation of Mrs. Bush's rights and a violation of the statute necessitating reversal. Appellant additionally points to Page 4 of the January 30, 2002 judgment entry in her contention that the failure to appoint counsel for Mrs. Bush is an abuse of discretion that requires reversal:
 {¶ 13} "The overriding basis upon which the October 31, 2001 hearing was continued to December 11, 2001 was the Magistrate's own urging that the then proposed Ward, Elaine Bush, not only obtain counsel to represent her, but a medical expert. This was based upon her initial objection to the guardianship. Rather than do so, she appeared at the hearing of December 11, 2001 without counsel. That was her choice and her right to make such a choice. The Magistrate apparently found no reason to appoint counsel to represent her and there is nothing to suggest that she was indigent or otherwise required such an appointment."
 {¶ 14} This statement, appellant argues, further evidences the fact that the court has denied Mrs. Bush effective assistance of counsel. Finally, appellant argues that Mrs. Bush's need for counsel became necessary when Pastor Harrison's letter to the court showed that he had not engaged in any activity to obtain legal counsel for Mrs. Bush, but rather expressed his own opinion that she needed a guardian.
 {¶ 15} We will not reverse decisions regarding the appointment of guardians absent an abuse of discretion. In re Estate of Bednarczuk
(1992), 80 Ohio App.3d 548. An abuse of discretion is more than an error of law or judgment; rather it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1982), 5 Ohio St.3d 217, 219.
 {¶ 16} R.C. 2111.02 governs the appointment of guardians. It provides, in pertinent part:
 {¶ 17} "(7) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:
 {¶ 18} "(a) The right to be represented by independent counsel of his choice;
 {¶ 19} "(b) The right to have a friend or family member of his choice present;
 {¶ 20} "(c) The right to have evidence of an independent expert evaluation introduced;
 {¶ 21} "(d) If the alleged incompetent is indigent, upon his request:
 {¶ 22} "(i) The right to have counsel and an independent expert evaluator appointed at court expense." R.C. 2111.02(C)(7).
 {¶ 23} As the January 30, 2002 judgment entry indicates, Mrs. Bush had from October 31, 2001 until December 11, 2001 to obtain her own legal counsel. At the December 11, 2001 hearing, Mrs. Bush recognized her own absence of legal counsel:
 {¶ 24} "Q [Magistrate Wloch] Ma'am, the last time we we're [sic.] here on October 31st, you indicated that you were going to get a lawyer. And you don't have one here today, correct?
 {¶ 25} "A [Mrs. Bush] Right." (Tr. 5).
 {¶ 26} The opportunity to obtain legal counsel was Mrs. Bush's choice to make, as was her choice not to obtain or request counsel for the hearing. Additionally, there is nothing in the record to suggest that Mrs. Bush was indigent and required a court appointment of legal counsel or that she required such an appointment for any other reason. Furthermore, appellant herself filed an application for guardianship of Mrs. Bush. Thus, she is not arguing that a guardianship is unnecessary, only that the court should have appointed her as Mrs. Bush's guardian. During the proceedings she never asked the court to appoint counsel for Mrs. Bush. She raises this issue now on appeal after the court chose to appoint family friends as Mrs. Bush's guardians. Therefore, the probate court did not abuse its discretion in appointing guardians for Mrs. Bush.
 {¶ 27} Appellant's second assignment of error states:
 {¶ 28} "The Probate Court Of Mahoning County Cannot Change The Filing Date Of A Report Of A Magistrate, And The Change Of That Filing Date Is Plain Error And An Abuse Of Discretion Requiring Reversal."
 {¶ 29} Appellant argues that, because the filing date of the magistrate's decision has been "whited out," apparently changing the date December 19, 2001 to December 11, 2001, the court has committed a reversible error. Appellant points to R.C. 2303.09, which states:
 {¶ 30} "The clerk of the court of common pleas shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding."
 {¶ 31} She also points to Sup.R. 26.04(C)(5), which provides:
 {¶ 32} "Upon the filing of any paper or electronic entry permitted by the probate division, a stamp or entry shall be placed on the paper or electronic entry to indicate the day, month, and year of filing."
 {¶ 33} Finally, appellant cites to Civ.R. 5(D) and (E), which designate what filing is and how documents are to be served, in support of her contention that the probate court failed in its duty to maintain its records. Appellant contends that in doing so the court limited the time for filing objections which could have had a serious impact on the proceedings; and, if not for appellant's counsel being aware of the filing, could have cost appellant her right to object. Thus, appellant argues, the court abused its discretion and we must reverse its decision.
 {¶ 34} It is clear from an inspection of the magistrate's decision that the number "9" has been "whited out" on both pages, seemingly in an effort to change a "19" to an "11." Appellant attempts to further evidence this by claiming that the decision contains reference to Dr. Brian Sullivan's discharge summary, which she claims was filed with the court on December 17th. Although a copy of the discharge summary is included in the record and file stamped with the date December 17, 2001, another copy of the same discharge summary is also included in the record and is file stamped with the date December 11, 2001. Furthermore, at the December 11th hearing, the magistrate noted on the record that one of the attorneys submitted the discharge summary to him. (Tr. 13-14). Despite this, it is clear that someone altered the date on the magistrate's decision in some way.
 {¶ 35} "`[I]t is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but also show that error was prejudicial to him.'"Fernbeck v. Fernbeck, 7th Dist. No. 00-CA-276, 2001-Ohio-3482, quotingSmith v. Flesher (1967), 12 Ohio St.2d 107, 110. Appellant's appeal emanates from the court's judgment entry that found Mrs. Bush to be incompetent and appointed appellees as guardians, not from the magistrate's decision, which is a recommendation, not a final order of the court. If there was a clerical error in the dating and filing of the magistrate's decision, it was not material or damaging to appellant's case. Nor did the error have any effect on appellant's objections to the magistrate's decision, as the court found the objections to be timely and ruled upon them accordingly. Appellant has simply failed to show any prejudicial consequences resulting from dating and filing error. Thus, appellant's second assignment of error is without merit.
 {¶ 36} For the reasons stated above, the probate court's decisions are hereby affirmed.
Waite, J., concurs.
Vukovich, J., dissents; see dissenting opinion.