OPINION
{¶ 1} Polly Slone, appellant herein, appeals the judgment of the Crawford County Court of Common Pleas, Probate Division, finding her incompetent by reason of mental illness and appointing David R. Cory (hereinafter "appellee") as a guardian of her person and estate.
 {¶ 2} On January 28, 2004 the appellee filed an Application for Appointment of Guardian for Polly Slone (hereinafter "Slone") with a Statement of Expert Evaluation in the Crawford County Court of Common Pleas, Probate Division. In the expert evaluation, Dr. Nicomedes Sansait stated that he had examined Slone and diagnosed her with bipolar disorder, alcohol dependence and borderline personality disorder. Dr. Sansait further stated that Slone was unable to care for herself or conduct business affairs without the aid of a guardian and that, in his opinion, the application for guardianship should be granted.
 {¶ 3} A hearing on the application was held on May 17, 2004. At the hearing, the trial court heard the testimony of appellee, Slone, and Jodi Lewis, a registered nurse. Following the presentation of evidence, the trial court determined that Slone was incompetent by reason of mental illness and was unable to take proper care of herself and her property. The trial court, therefore, granted appellee's Application for Appointment of Guardian and appointed appellee the guardian of the person and estate of Slone.
 {¶ 4} It is from this decision that Slone appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The court erred by granting the application for appointment ofguardian over the appellant.
 {¶ 5} Slone argues herein that the trial court erred in appointing appellee as her guardian, as she was medication compliant at the time of the hearing and was no longer abusing drugs or alcohol. Slone admits that, in the past, she was unable to properly care for herself. However, she maintains that she is currently controlling her bipolar disorder with medication and the trial court's finding of incompetency is against the manifest weight of the evidence.
 {¶ 6} Pursuant to R.C. 2101.24(A)(1)(e), the probate court has exclusive jurisdiction to appoint and remove guardians. R.C.2111.02(A) provides: "When found necessary, the probate court on its own motion or on application by any interested party shall appoint, * * *, a guardian of the person, the estate, or both, of a minor or incompetent * * *." An "incompetent" is defined by R.C. 2111.01(D) as "any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family * * *."
 {¶ 7} In general, a probate court is given broad discretion in matters involving the appointment of a guardian. Davis v.Cuyahoga Cty. Adult Protective Serv. (Oct. 12, 2000), 8th Dist. No. 77116. R.C. 2111.02(C) sets forth the procedure to be followed before a guardian may be appointed, including a provision for a hearing. At a guardianship hearing, a finding of incompetency must be established by clear and convincing evidence. R.C. 2111.02(C)(3). Further, the probate court is to consider "evidence of a less restrictive alternative if it is introduced at the hearing and may deny a guardianship if it finds that a less restrictive alternative exists." Davis, supra.
 {¶ 8} Under Ohio law, guardianship proceedings are not adversarial in nature, as the probate court is required to act in the best interests of the alleged incompetent. In re Estate ofBednarczuk (1992), 80 Ohio App.3d 548, 551. However, when an alleged incompetent objects to the appointment of a guardian, the probate court must be extremely cautious in proceeding. In reGuardianship of Corless (1981), 2 Ohio App.3d 92, 94. Before appointing a guardian for an alleged incompetent, the trial court should be fully and completely satisfied that the claimed infirmity of the alleged incompetent is "of such a nature and character as to prevent such person from fully and completely protecting herself and property interests from those about her who would be inclined to and would take advantage of such person * * *." In re Langenderfer, 6th Dist. No. F-03-031, 2004-Ohio-4149, ¶ 24.
 {¶ 9} In determining whether a trial court's decision to appoint a guardian is against the manifest weight of the evidence, a court of appeals must be guided by the presumption that the findings of the trier of fact were correct. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. The rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id. Therefore, a judgment supported by competent, credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. C .E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 10} In the case sub judice, Slone has been diagnosed as having bi-polar disorder, borderline personality disorder and has had problems with alcohol and drugs. As stated herein, Dr. Nicomedes Sansait opined that Slone was not able to care for herself as evidenced by her behavior. Dr. Sansait noted that Slone had been in trouble with the law, had failed to take her medication, and had a history of substance abuse. Dr. Sansait also stated that Slone has significant trouble with her memory and is mentally impaired.
 {¶ 11} In addition to Dr. Sansait's evaluation, the trial court appointed an investigator to assess Slone's condition. In the Investigator's Report of Service on Guardianship, the investigator recommended that a guardian be appointed for Slone. The investigator stated that Slone has mental, alcohol and substance problems and that she has to fight to maintain her sobriety. The investigator concluded that Slone needs someone who can help her "stay on track and maintain her medications and stay away from alcohol and illegal substances."
 {¶ 12} At the hearing, the testimony of Jodi Lewis, a registered nurse, was introduced. Lewis testified that she has been Slone's case worker since January 2004, when guardianship proceedings were initiated. Lewis stated that in March she began making a list of times when Slone was not compliant with her medication and Lewis recorded eleven instances of non-compliance in March alone. Lewis also testified that she believed Slone may only be attempting compliance with her medication because the court had become involved. Lewis further stated that Slone suffered from memory problems which could prevent her from remembering to take her medications, even if she intended to take them. With regard to Slone's finances, Lewis testified that she had been helping Slone write checks and that Slone could not appropriately handle her finances on her own.
 {¶ 13} Based upon these facts, we find that the probate court had before it competent credible evidence to conclude that the appointment of a guardian was in the best interests of Slone. We recognize that "[t]he mere presence of psychosis, dementia, mental retardation, or some other form of mental illness or disability is insufficient in itself to constitute incompetence."Steele v. Hamilton Cty. Community Mental Health Bd. (2000),90 Ohio St.3d 176, 186. However, we find that the trial court was presented with sufficient evidence that Slone's mental illness and substance abuse has rendered her unable to care for herself or her property, as defined by R.C. 2111.01(D). Therefore, we do not find that the trial court erred in appointing a guardian for Slone.
 {¶ 14} Accordingly, the appellant's assignment of error is overruled.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, J.J., concur.