{¶ 113} The proceedings in the present case have been fundamentally flawed beginning with the magistrate's conduct of the trial and continuing through the majority's decision. Both the probate court and the majority misrepresent the issue as to whether Adult Protective Services is a suitable guardian for Christopher, rather than whether removal would be in Christopher's best interests. By focusing solely on Adult Protective Services' suitability, the probate court excluded relevant evidence regarding Christopher's best interests. Moreover, the magistrate's conduct of the trial raises the impression of bias against Michael Salaben to the prejudice of Christopher's interests. The arbitrary and capricious nature of the magistrate's evidentiary rulings and conduct of trial constitute an abuse of discretion requiring reversal of the judgment before us.
 {¶ 114} The proper standard to determine whether removal of a guardian is warranted has been stated by this court as follows: "it is discretionary with the probate court as to whether the guardian should be removed, and such removal may be based upon any just cause when the interest of the trust demands it. The probate court need not find that the guardian's action amounted to violations of the law or that his actions caused injury to the ward's estate. To warrant removal,the probate court need only find that the best interests of the wardwill be served by the guardian's removal." In re Guardianship ofBurrows, 11th Dist. No. 2006-P-0118, 2007-Ohio-4764, at ¶ 43 (citation omitted) (emphasis added); accord In re Connell, 8th Dist. No. 6826, 1995 Ohio App. LEXIS 3470, at *11-*12 (citation omitted); In reGuardianship of Escola (1987), 41 Ohio App.3d 42, 44 (citations omitted). *Page 28 
 {¶ 115} Neither the probate court nor the majority considered the merits of Michael's motion in light of Christopher's best interests.In re Guardianship of Joles, 11th Dist. No. 99-L-087, 2000 Ohio App. LEXIS 2987, at *17 ("a guardian may be removed for any good cause in the discretion of the probate court when the interests of the ward require it") (citation omitted).
 {¶ 116} The magistrate's conclusion omits any mention of those interests: "The Movant, Michael Salaben, has presented no credible evidence to the Court to substantiate his claim that APSI, as Guardian of the Person, is or has been unsuitable to serve in that capacity. His request from an emotional standpoint is understandable. However, from a logical, pragmatic standpoint Mr. Salaben's testimony clearly demonstrates what the Court originally found, he is not suitable to be Christopher's Guardian of the Person. He lacks real insight as to Christopher's autism and how best to deal with it. As noted and observed during the course of his testimony, Mr. Salaben's limitations are profound."
 {¶ 117} Likewise, the majority's opinion identifies the "only issue to be resolved" to be "APSI's suitability as Christopher's guardian of the person."
 {¶ 118} This error is not harmless. In different circumstances, it might be possible to affirm the lower court's decision based on other evidence of Christopher's best interests contained in the record. In the present case, however, the magistrate effectively excluded evidence that was not relevant to the narrow issue of Adult Protective Services' suitability, as well as evidence from the time prior to Michael Salaben filing his motion to remove Adult Protective Services as guardian. In affirming *Page 29 
the magistrate's evidentiary rulings, the majority repeatedly "emphasizes" that the evidence in question "would not directly relate to APSI's suitability."
 {¶ 119} For example, the magistrate repeatedly sustained objections on the grounds of relevancy when counsel attempted to elicit testimony from Christopher's former Guardian ad litem, Jane Hawn-Jackson, as whether it was in his best interest to remain at home, or be placed in a group home or other institutional setting.[1] Likewise, any testimony regarding the suitability of Manor Home as a placement for Christopher was excluded, despite the obvious relevance such evidence has to his best interests.
 {¶ 120} In addition to this fundamental error, the magistrate displayed bias by unnecessarily focusing on Michael Salaben's unsuitability as guardian for Christopher's person as a reason for denying his motion. The magistrate found occasion to refer to Michael's "significant limitations" several times in his decision. The magistrate also allowed Lisa Fuller-Gripi of the Ashtabula County Board of Mental Retardation and Developmental Disabilities to testify whether Michael would be a suitable guardian for Christopher over the objection of Michael's counsel and despite the fact that this testimony was not strictly relevant to the purportedly determinative issue of whether Adult Protective Services was suitable. In fact, Michael had not motioned the court that he be appointed the guardian of Christopher's person.
 {¶ 121} As the majority acknowledges, the magistrate sustained more of the objections raised by Adult Protective Services' counsel than those raised by Michael's *Page 30 
counsel. Although this fact, standing alone, does not demonstrate bias, we are also confronted by the magistrate's hostile attitude toward Michael, which the majority acknowledged was unprofessional.
 {¶ 122} Finally, the magistrate's failure to focus on Christopher's best interests affected the propriety of its evidentiary rulings with respect to foundational and hearsay issues. "The purpose of guardianship hearings is to gather information in order to determine the best interests of the prospective ward." In re Guardianship ofLangenderfer, 6th Dist. No. F-03-031, 2004-Ohio-4149, at ¶ 19; In reEstate of Bednarczuk (1980), 80 Ohio App.3d 548, 551 ("[i]n matters relating to guardianships, the probate court is required to act in the best interest of the minor or incompetent"). Given this purpose, the rigor with which the magistrate excluded certain of Michael's exhibits was unnecessary. Cf. In re Guardianship of Stancin, 10th Dist. No. 02AP-637, 2003-Ohio-1106, at ¶ 13 ("due to the non-adversarial nature of the guardianship proceedings and the inherent conflict between the purpose of the guardianship proceedings and the limitations imposed by the hearsay rules, we conclude that the hearsay rules are `clearly inapplicable' to guardianship proceedings").
 {¶ 123} For the foregoing reasons, I respectfully dissent. The judgment of the probate court should be reversed and this matter remanded for a new hearing before a different trier of fact.
[1] The majority faults Michael for not proffering Hawn-Jackson's opinion. At ¶ 75. In fact, counsel attempted to do so: "We're going to have to ask that the witness be put an answer [sic] on the record and the Court can regard it as irrelevant but we would like to get this — ." The magistrate did not allow the proffer: "There's been a timely appropriate objection. I sustained the objection. If that's error then you'll take your remedy but I don't know how you get evidence in that's not admissible as deemed here. Again, you're still talking about events that are more than three years old and your motion is dated May of 2007, if I recall." *Page 1