[Cite as *In re Guardianship of Zborowski*, 2013-Ohio-3363.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99569

## IN RE: GUARDIANSHIP OF SARA ZBOROWSKI

## [Appeal by Lorraine Meyer]

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2009 GDN 148945

**BEFORE:**    Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    August 1, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 106
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Elizabeth A. Goodwin
Bradric T. Bryan
Goodwin & Bryan, L.L.P.
22050 Mastic Road
Fairview Park, Ohio 44126

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Lorraine Meyer ("Meyer") appeals the probate court's decision removing her as personal guardian of ward Sara Zborowski ("Zborowski"). Meyer assigns the following errors for our review:

> **I. Appellant was denied due process of law and the court abused its discretion when it denied appellant's motion for continuance.**
>
> **II. Appellant was denied due process of law when she was removed as guardian without notice nor an opportunity to be heard.**
>
> **III. The court erred in appointing an attorney for the adverse party as guardian of the ward.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the probate court's decision. The apposite facts follow.

**{¶3}** On October 22, 2009, the probate court appointed Elizabeth Goodwin ("Goodwin") as the guardian of Zborowski. On January 22, 2010, the probate court appointed Zborowski's primary caregiver, Meyer, as successor guardian.

**{¶4}** On January 18, 2013, Zborowski's sister, Phyllis Hayes ("Hayes"), filed a motion to review and/or remove Meyer as guardian. In the motion, Hayes alleged that Zborowski's next of kin were being denied access and information regarding Zborowski's health, well being, and safety. Specifically, Hayes alleged that numerous inquiries regarding Zborowski's whereabouts and well being had gone answered.

**{¶5}** The probate court scheduled a hearing on the motion for February 4, 2013, and sent out notice to the parties. On January 29, 2013, Meyer filed a motion

to continue on the grounds that she had a surgical procedure scheduled and would be incapacitated for several weeks thereafter. The probate court denied Meyer's motion to continue, the hearing went forward, but Meyer did not attend.

{¶6} Following the hearing, the probate court issued a judgment entry appointing Goodwin as interim personal guardian of Zborowski due to Meyer's incapacity. On February 11, 2013, Meyer filed a motion for a stay pending the issuance of findings of fact and conclusions of law.

{¶7} On February 12, 2013, the probate court issued a journal entry denying Meyer's motion for stay that also indicated that the February 5, 2013 journal entry contained its findings of fact. The journal entry also set the matter for review of guardianship for March 14, 2013.

{¶8} On February 22, 2013, Meyer appealed the interim appointment of Goodwin as personal guardian of Zborowski and the subsequent denial of her motion to stay execution.

### Motion for Continuance

{¶9} In the first assigned error, Meyer argues the probate court abused its discretion when it denied her motion for continuance.

{¶10} An appellate court will not reverse a trial court's decision denying a motion for continuance unless the trial court abuses its discretion. *In the Matter of B.G.W.*, 10th Dist. Franklin. No. 08AP-181, 2008-Ohio-3693, an abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be

characterized as unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). *See also In re Guardianship of Reed*, 10th Dist. Franklin No. 09AP-720, 2010-Ohio-345, citing *In re Lauder*, 150 Ohio App.3d 277, 2003-Ohio-406, 780 N.E.2d 1025 (10th Dist.).

**{¶11}** Probate courts, like all trial courts, inherently possess discretion in managing their docket. *In re Guardianship of Snyder*, 4th Dist. Hocking Nos. 09CA21 and 09CA22, 2010-Ohio-3899, citing *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270.

**{¶12}** As previously stated, in the instant case, Meyer sought a continuance on the grounds that she had a surgical procedure scheduled and that she would be incapacitated for several weeks thereafter. Given that Meyer was the guardian of the person, as well as the primary caregiver for Zborowski, and given that Meyer indicated that she would be incapacitated for several weeks, it was prudent for the probate court to deny the requested continuance, proceed with the hearing, and appoint an interim guardian of the person for Zborowski.

**{¶13}** The probate court's judgment entry issued after the hearing, states in pertinent part as follows: "The Court finds that the information set forth in the Guardian's untimely Motion to Continue raised concerns regarding the ability of Lorraine Meyer to serve as Guardian during her own incapacity." It is clear from the above that the immediate concern of the probate court was safeguard and continued care for Zborowski

during Meyer's incapacity. As such, the probate court had to appoint someone in the interim to be Zborowski's personal guardian.

{¶14} We conclude, under the circumstances, the probate court did not abuse its discretion in denying Meyer's motion for continuance. Accordingly, we overrule the first assigned error.

### Interim Guardianship Appointment

{¶15} In the second assigned error, Meyer argues she was denied due process because the probate court removed her as guardian without notice and an opportunity to be heard.

{¶16} Preliminarily, we note the axiomatic principle enveloping guardianship matters is that the probate court is the superior guardian of the person and property of an incompetent, while the guardian herself is an officer or agent of the court, subject always to the court's control, direction and supervision. *In re Guardianship of Clark*, 10th Dist. Franklin No. 09AP-96, 2009-Ohio-3486, citing *In re Guardianship of Kreppner v. Pocker*, 8th Dist. Cuyahoga No. 54419, 1988 Ohio App. LEXIS 294 (Jan. 28, 1988).

{¶17} R.C. 2109.24 provides the specific statutory authorization for removal of a guardian and provides that the probate court may remove a fiduciary for, among other reasons, neglect of duty, incompetence, or because the interest of the trust or estate demands it. "In matters relating to guardianships, the probate court is required to act in the best interest of the [ward]." *Id.*, quoting *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551, 609 N.E.2d 1310 (12th Dist.1992).

{¶18}  A probate court's decision regarding the removal of a guardian will not be reversed absent an abuse of discretion. *In re Guardianship of Clark*. Within the previous assigned error, we discussed the propriety of the probate court's appointment of an interim personal guardian for Zborowski. There, we found that it made sense for the probate court to appoint someone to take care of Zborowski during Meyer's incapacity.

{¶19} Within this assigned error, Meyer argues she was not given notice and an opportunity to be heard. However, the probate court's judgment entry following the hearing indicated that Meyer had been served with the motion and hearing date by ordinary mail. The docket also reflects that notice of the hearing was sent to Meyer. Given that Meyer filed a motion to continue the scheduled hearing, the logical inference is that she was aware of the hearing.

{¶20}  Given that Meyer was aware of the hearing, she could have taken any number of steps to be heard. For example, Meyer could have opposed the motion in writing, could have hired counsel to appear on her behalf, or at a minimum, offer to be available by telephone for the hearing. Despite Meyer's awareness of the hearing, she failed to avail herself of the opportunity to be heard. Accordingly, we overrule the second assigned error.

### Conflict of Interest

{¶21}  In the third assigned error, Meyer argues the probate court abused its discretion by appointing Goodwin the interim guardian because it created an innate

conflict of interest. Specifically, Meyer argues the probate court should not have appointed movant's attorney as the interim guardian.

**{¶22}** The probate court is required to act in the best interest of the incompetent individual, but it is well settled that a probate court has broad discretion in appointing guardians. *In re Guardianship of Poulos*, 8th Dist. Cuyahoga No. 96366, 2011-Ohio-6472.

**{¶23}** In the instant case, despite Meyer's allegation that a conflict of interest arose when the probate court appointed Goodwin the interim guardian, we must point out the temporary nature of the appointment. The judgment entry stated in pertinent part as follows: "* * * The Court further finds that Elizabeth Goodwin is hereby appointed interim guardian of the person due to the incapacity of Lorraine Meyer." Journal Entry, February 5, 2013. As previously discussed, the probate court appointed Goodwin because Meyer would be incapacitated for several weeks and thus would not be available to attend to the needs of Zborowski.

**{¶24}** In addition, the record reveals that Goodwin was the individual initially appointed guardian when Zborowski became a ward of the probate court. Later, Goodwin resigned as guardian once Meyer, the primary caregiver, applied and was appointed Zborowski's guardian. Given that Goodwin was the initially appointed guardian, she would be well acquainted with Zborowski's needs, and thus it was logical for the probate court to reappoint her the interim guardian during Meyer's temporary incapacity.

**{¶25}** We conclude the overriding reason for appointing Goodwin was to fill the temporary void during Meyer's upcoming incapacity following surgery. We conclude this was in Zborowski's best interest. As such, we see no conflict of interest in the probate court's decision. Accordingly, we overrule the third assigned error.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR