**In re GUARDIANSHIP OF SCHNEIDER, an Incompetent.**

[Cite as *In re Guardianship of Schneider,* 156 Ohio App.3d 469, 2004-Ohio-1378.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02–CA–138.

Decided March 18, 2004.

James S. Jones, for appellant.

Henderson, Covington, Messenger, Newman & Thomas, Richard J. Thomas and John T. Heino, for appellee.

GENE DONOFRIO, Judge.

{¶ 1} Appellant, Richard Schneider, appeals from a judgment of the Mahoning County Probate Court appointing appellee, Elaine Kelley, guardian of the person and estate of Laverne Schneider, an incompetent, and denying the competing application of appellant.

{¶ 2} Hearings were held before a magistrate on February 4, 2002, to consider the applications for guardianship of Laverne Schneider filed by appellant and appellee. On February 13, 2002, the magistrate filed his decision appointing appellee as guardian of the person and estate of her sister, Laverne Schneider. On February 26, 2002, appellant filed objections to the magistrate's decision appointing appellee guardian. On July 16, 2002, the court filed its judgment

entry upon appellant's objections and affirmed the appointment of appellee as guardian.

{¶ 3} The court determined that Laverne Schneider is an 80–year–old woman who suffers from Alzheimer's-type dementia. She is unable to care for herself and is currently residing in Beeghly Oaks Nursing Home in Boardman, Ohio. Appellant is the brother of Laverne's deceased husband, Joseph Schneider. Appellant had been serving as power of attorney for the ward and as trustee of the ward's revocable trust, as well as the trustee of Joseph Schneider's trust. The magistrate concluded that, although both parties seemed to evidence "a caring interest" in the ward, the appellant was "engaged in some questionable practices regarding the assets of Laverne and possibly Joseph [Schneider]." These questionable practices included the transfer of title of a car belonging to Laverne to Family Center, Inc., a closely held corporation owned by appellant and his wife. There was also the matter of the disposition of a big-screen television owned by Laverne, which appellant admitted giving to his daughter. Appellant claims that both the car and the television were gifts from Joseph Schneider.

{¶ 4} The court determined that appellee could better serve as guardian of Laverne, as trustee of Laverne's revocable trust, as well as trustee of Laverne's deceased husband Joseph's trust. This appeal followed.

{¶ 5} Appellant's first assignment of error states:

{¶ 6} "It was reversible error as a matter of law for the trial court to ignore the express desire of both the ward and her husband that appellant shall serve as guardian, if necessary."

{¶ 7} Appellant argues that the totality of the evidence before the trial court was that Laverne, in her power of attorney and living trust documents, and her husband, Joseph, in his will, clearly and expressly desired to have appellant take care of her for the remainder of her life. Specifically, appellant points to Laverne's trust, which states that the trustee is to care for her without intervention of a guardian. The trust first designates her husband, Joseph, as trustee then appellant as successor trustee. Appellant also points to a new will Joseph drew up after Laverne's incapacitation. In it, he acknowledges her incapacity and appoints appellant as her guardian.

{¶ 8} In essence, appellant argues that Laverne, in effect, nominated him as her guardian. There are two ways in which a person can nominate his or her own guardian—through a durable power of attorney or through a separate writing. In a durable power of attorney, a person may nominate his or her attorney in fact or any other person to be the guardian of his or her person, estate, or both. R.C. 1337.09(D). Another statute, containing similar provisions

to those governing durable powers of attorney, allows a person to nominate a guardian for himself or herself in a separate writing. "To be effective as a nomination, the writing shall be signed by the person making the nomination in the presence of two witnesses; signed by the witnesses; contain, immediately prior to their signatures, an attestation of the witnesses that the person making the nomination signed the writing in their presence; and be acknowledged by the person making the nomination before a notary public." R.C. 2111.121(A).

{¶ 9} As for Laverne's power of attorney, it nominates her husband only as guardian should she become incapacitated. Appellant is designated only as a successor attorney. The remaining documents appellant relies on, Joseph's and Laverne's wills and trusts, are not part of the record below and therefore cannot be considered on appeal. App.R. 9; *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

{¶ 10} Accordingly, appellant's first assignment of error is without merit.

{¶ 11} Appellant's second assignment of error states:

{¶ 12} "It was reversible error as a matter of law and as against the manifest weight of the evidence to find that the appellant breached his fiduciary duty to the ward, and thus be denied guardianship status solely on said basis."

{¶ 13} Appellant's third assignment of error states:

{¶ 14} "The standard for a guardianship determination is the best interest of the ward; the trial court made no findings of fact or conclusions of law per the standard and ignored considerable evidence about the lack of qualifications of the appellee, constituting reversible error."

{¶ 15} Since appellant's second and third assignments of error raise common issues of fact and legal analysis, they will be addressed together.

{¶ 16} When dealing with a guardianship, the probate court is required to act in the best interest of the ward. *In re Estate of Bednarczuk* (1992), 80 Ohio App.3d 548, 551, 609 N.E.2d 1310; R.C. 2111.50(C). The probate court's decision regarding the appointment of a guardian will not be reversed absent an abuse of discretion.[1] Id. An abuse of discretion involves more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.

---

1. Although appellant's second assignment of error is presented by utilizing "manifest weight of the evidence" language, case law clearly indicates that the proper standard of review is abuse of discretion. "Manifest weight of the evidence" implies an independent reviewing and weighing of the evidence not contemplated by the abuse-of-discretion standard. See *Miller v. Miller* (1996), 115 Ohio App.3d 336, 341, 685 N.E.2d 319.

{¶ 17} The magistrate found that appellant had engaged in some "questionable practices" concerning Laverne's assets and possibly some of Joseph's. The trial court, in adopting the magistrate's findings, relied, in part, on these in finding appellant unsuitable to be Laverne's guardian. These "questionable practices" included appellant's transferring Laverne's vehicle to a closely held corporation, Family Center, Inc., owned by appellant and his wife. Appellant also took a big-screen television from the Schneider's home after Joseph died and subsequently gave it to his daughter. Appellant also bought assets from Joseph's estate at an auction he had arranged as executor.

{¶ 18} Appellant argues that each of these events was above board. He characterizes his activities as "minimal at best," considering that the Schneiders' total assets exceed $800,000. He maintains that the car and the TV were gifts from Joseph and authorized at his behest before his death. As for the purchases at the auction, appellant states that there is no evidence to the contrary that anything other than fair market value was paid for the items. Last, appellant questions the suitability of appellee to serve as guardian. He asserts that she may be suffering from dementia and acted very confused during the magistrate hearing.

{¶ 19} After reviewing the record, we cannot say that the probate court abused its discretion. Laverne was the title owner of her vehicle, which was valued at about $8,500. Using his power of attorney, appellant transferred the vehicle to a closely held corporation owned by himself and his wife. Appellant paid no money for the vehicle. There was no evidence that Laverne authorized the transfer. Other than appellant's own testimony, there was no evidence to establish that he was given the car in consideration of things he had done for the Schneiders. The same holds true for the TV. Other than his own testimony, there was no evidence to establish that it was a gift. Concerning the estate auction, appellant presented no evidence that he paid fair market value. He also did not provide the court with the will and trust agreements, which purported to allow him to make such purchases. Last, although appellee may have been confused at times during her questioning at the magistrate hearing, we are not in the position to conclude that she suffers from dementia, nor has appellant offered a professional's diagnosis of such.

{¶ 20} Accordingly, appellant's second and third assignments of error are without merit.

{¶ 21} The judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and VUKOVICH, J., concur.