DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Probate Division of the Wood County Court of Common Pleas granting appellee's application to be appointed guardian of appellant's person due to appellant's mental illness. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Jeffrey Michael Hackl, sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S APPLICATION FOR APPOINTMENT OF GUARDIAN."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On December 7, 2007, appellee, appellant's mother with whom appellant resides, filed an application to the trial court to be appointed as the guardian of her son's person. In her application, appellee cited her son's ongoing mental illness as necessitating her appointment as guardian of his person for purposes of making medical treatment decisions in the best interest of her son.
 {¶ 5} In consideration of the application, three separate expert evaluations assessing the mental health condition of appellant were submitted to the trial court. First, an expert report was submitted by Dr. Kenneth Adler, a psychiatrist who treated appellant during his inpatient psychiatric hospitalization in the fall of 2007 at the Flower Hospital psychiatric unit. Based upon his treatment of appellant, Dr. Adler diagnosed appellant to suffer from irreversible severe schizophrenia and concluded that the proposed guardianship should be established.
 {¶ 6} In addition to Dr. Adler's expert report, another expert evaluation and report was conducted by Dr. Eric Nicely, a licensed clinical psychologist. Dr. Nicely's evaluation of appellant was conducted pursuant to the request of appellant's trial counsel. On March 11, 2008, Dr. Nicely conducted an in-person interview of appellant for purposes of assessing his mental health as connected to the guardianship sought by appellee. Significantly, Dr. Nicely's conclusions were essentially identical to that of Dr. *Page 3 
Adler. Dr. Nicely diagnosed appellant to be suffering from paranoid schizophrenia. He found that appellant was psychotic and incapable of rational judgment. Dr. Nicely concluded that the proposed guardianship should be established.
 {¶ 7} A third evaluation of appellant's mental health status was conducted by an investigator appointed by the court pursuant to its statutory authority granted by R.C. 2111.041. Melissa Baumgardner, the court appointed evaluator, likewise determined appellant to be suffering from severe paranoia and concluded that the proposed guardianship should be established. The experts of appellee, appellant, and the court itself each found appellant to be severely mentally ill and appellee's guardianship to be proper.
 {¶ 8} On March 14, 2008, an evidentiary hearing was conducted in the Wood County Probate Court on appellee's application to be named guardian of appellant's person. At the onset of the hearing, the trial court took the above-discussed expert reports into evidence for its consideration without objection.
 {¶ 9} During the evidentiary hearing, appellee conveyed her son's history of mental illness and its impact. Appellant has not been gainfully employed since approximately 1996, despite possessing both a college education and extensive training in skilled trades. Appellant has been on Social Security disability benefits since 2002, based upon his ongoing mental illness. Appellee is the named payee for appellant's SSD benefits. Appellee testified to her son's of multitude of inpatient hospitalizations for psychiatric treatment since approximately 2002. *Page 4 
 {¶ 10} The substance of appellant's own testimony during the evidentiary hearing furnished compelling evidence supporting both the unanimous conclusion of the experts as well as the trial court in granting the disputed guardianship. Prior to his mother filing application to be guardian of his person, appellant was arrested in Rossford for possession of bomb making materials. In fact, at the time of the evidentiary hearing at issue in this matter, appellant remained on ankle monitoring in connection with the Rossford incident.
 {¶ 11} Appellant purported to be privy to vast knowledge of the inner workings of national security agencies as well as possess personal relationships with various CIA officials and operatives. Appellant repeatedly invoked a purported Fifth Amendment right to refuse to answer questions during the hearing, yet appellant ultimately was instructed to answer the relevant and reasonable inquiry being made of him. Appellant ultimately conceded to treating with antipsychotic medications.
 {¶ 12} On March 18, 2008, the court granted appellee's application. Appellee was named guardian of appellant's person for purposes of ensuring proper health decisions. The court found that clear and convincing evidence had been furnished in establishing appellant to be legally incompetent by reason of mental illness consisting of paranoid schizophrenia. The trial court determined that based upon the facts and circumstances of appellant's case a less restrictive alternative to a guardianship was not a viable option when weighed against its interest in ensuring the health and safety of appellant. The court's decision was wholly supported by each of the three expert witnesses, including the *Page 5 
one whose expert evaluation was requested by counsel for appellant. Timely notice of appeal was filed.
 {¶ 13} In his sole assignment of error, appellant asserts that the trial court committed reversible error in granting appellee's application to be appointed guardian. It is well established that trial courts are vested with broad discretion in making guardian appointment determinations. The applicable standard of review for such cases is to ascertain whether the trial court abused its discretion in reaching its disputed judgment. Absent evidence of an abuse of discretion, the trial court's decision on appointment of a guardian will not be reversed.In re Estate of Bednarczuk (1992), 80 Ohio App.3d 548, 551. See, also,In the Matter of the Guardianship of Jessie K. Simmons, 6th Dist. No. WD-02-039, 2003-Ohio-5416. An abuse of discretion implies more than a mere error of law or judgment. An abuse of discretion requires that the evidence demonstrate that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} R.C. 2111.02(B)(1) authorizes probate courts to appoint limited guardians with specific limited powers when they deem it to be in the best interest of a legally incompetent person. R.C. 2111.01(D) defines legal incompetency for purposes of probate court guardianship to include any person so mentally impaired as a result of mental or physical illness or disability that the person is found not capable of taking proper care of the person's self or property. In the case at hand, appellee limited her request to be appointed guardian of appellant's person. Appellee explained that her *Page 6 
primary concern was being in a legal position to interact with appellant's medical treatment providers to ensure that appellant's ongoing mental health incapacity does not impede proper treatment decisions that are in his best interest.
 {¶ 15} We have carefully reviewed the record of evidence. The record contains three separate expert opinions unanimously concluding appellant to be suffering from schizophrenia necessitating the requested guardianship to be granted for the protection of appellant's person. In the course of the evidentiary hearing, testimony was taken from both appellant and appellee fully consistent with those conclusions. There is no evidence in the record to suggest that the trial court's granting of appellee's application was unreasonable, arbitrary or unconscionable. Appellant has not furnished evidence establishing an abuse of discretion. The record shows that appellee's application was supported by clear and convincing evidence. Wherefore, we find appellant's assignment of error not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing in the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1