[Cite as *In re Guardianship of Mannies*, 2019-Ohio-430.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re Guardianship of Wayne Mannies

Court of Appeals No. WD-18-056

Trial Court No. 20182006

**DECISION AND JUDGMENT**

Decided: February 8, 2019

* * * * *

Edward J. Stechschulte, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Wayne Mannies, appeals from the July 2, 2018 judgment of the Wood County Court of Common Pleas, Probate Division, declaring appellant incompetent by reason of a developmental disability and appointing Loretta Hutton as guardian of the person of appellant. For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts a single assignment of error:

Is evidence that Appellant's health has improved under the then existing Health Care Power of Attorney proof that a less restrictive alternative to a guardianship existed, thereby rendering the Trial Court's order of a guardianship an abuse of discretion?

**{¶ 3}** On January 26, 2018, an emergency guardianship was established for appellant because of health issues. The guardianship was extended to March 1, 2018, because the guardian's intervention was ensuring medications were being provided and appellant's heath issue was improving.

**{¶ 4}** On February 27, 2018, a court investigator filed a report regarding appellant's ability to care for himself. The investigator concluded that appellant could not take care of his personal finances, shop for himself, drive, or take medications due to his moderate intellectual disability. The investigator also reported appellant was very emotional about the guardianship proceedings and wanted to regain control over his medications despite the fact that since the emergency guardianship had been imposed, appellant's health had significantly improved. Sometime in March 2018, a healthcare power of attorney was also executed for appellant's benefit.

**{¶ 5}** A review hearing was held July 2, 2018. Appellant appeared, with counsel, as well as the guardian, and two unidentified service providers from the Wood County Board of Developmental Disabilities ("WCBDD"). Appellant asserted his opposition to the guardianship and objection to his medicine continuing to be locked up. He further

2.

asserted that the failure of health care providers to understand the healthcare power of attorney is an insufficient reason to continue the guardianship.

{¶ 6} The guardian testified appellant cannot make decisions for himself because he had not been taking his medicine on his own. She further testified his home was dirty. Although the power of attorney was beneficial, the guardian did not believe it was sufficient. A service coordinator with the WCBDD testified the guardianship should continue because appellant rejected their services and services might not be provided if there was only a health care power of attorney. Both service coordinators testified that some health care providers will not speak with the guardian if appellant only had a power of attorney.

{¶ 7} The probate court continued the guardianship emphasizing the expert's evaluation, the court investigator's report, and appellant's overall demeanor. The probate court indicated that it had tried the least restrictive means by enacting the power of attorney, but that method was insufficient. Appellant appeals.

{¶ 8} In his sole assignment of error, appellant argues the probate court abused its discretion by continuing the guardianship when there was a less restrictive alternative available.

{¶ 9} R.C. 2111.02 governs the appointment of a guardian of the person. In guardianship matters, the probate court must act in the best interest of the proposed ward. *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551, 609 N.E.2d 1310 (12th Dist.1992). Objections to the guardianship by the proposed ward are to be seriously considered. *In re*

3.

*Guardianship of Jung*, 6th Dist. Ottawa No. OT-11-020, 2012-Ohio-1873, ¶ 12, citing *In re Guardianship of Schumacher*, 38 Ohio App.3d 37, 39, 525 N.E.2d 833 (9th Dist.1987). However, the ultimate determination of whether to impose a guardianship of the person is a matter left to the probate court's discretion. R.C. 2111.02(A); *In re Hackl*, 6th Dist. Wood No. WD-08-030, 2009-Ohio-666, ¶ 13; *In re Guardianship of Simmons*, 6th Dist. Wood No. WD-02-039, 2003-Ohio-5416, ¶ 38.

{¶ 10} The probate court's decisions are subject to appellate review under an abuse of discretion standard. *Id.* There must be proof that the court's attitude is "unreasonable, arbitrary or unconscionable." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when the trial court failed to consider the facts and circumstances. *Beasley*.

{¶ 11} Appellant asserts that the healthcare power of attorney was working because appellant's health issues were improving. Therefore, the guardianship was not the least restrictive means to ensure appellant took his medication. He further contends the fact that healthcare providers would not always honor the power of attorney was an unacceptable reason to continue the guardianship.

{¶ 12} Upon a review of the evidence, we find that appellant's health issues have improved, but there is no evidence to substantiate the claim that the improvement was accomplished solely because of the healthcare power of attorney. Furthermore, the probate court considered appellant's objections and observed his demeanor before

4.

concluding that a guardianship was warranted. Appellant has failed to demonstrate the probate court abused its discretion. Appellant's sole assignment of error is found not well-taken.

{¶ 13} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____
                                                              JUDGE
Thomas J. Osowik, J.                 

Christine E. Mayle, P.J.                _____
CONCUR.                                                           JUDGE

                                                                 _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.