[Cite as *In re Guardianship of Shear*, 2017-Ohio-8169.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105330

# IN RE: GUARDIANSHIP OF MARSHA LYNN SHEAR, INCOMPETENT

## [Appeal by Marsha Lynn Shear]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2009 GRD 1039690B

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**APPELLANT**

Marsha L. Shear, pro se
1348 Brookline Road, #A103
Cleveland, OH 44121-2570


**ATTORNEY FOR APPELLEE**

David L. Drechsler
Buckingham, Doolittle & Burroughs
1375 East Ninth Street, Ste. 1700
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1}   Marsha L. Shear, ward of the Cuyahoga County Probate Court, appeals the decision of the trial court regarding her motion to review, in which she requested termination of the guardianship over her.   Following a review of the record and arguments in this case, we affirm the trial court's decision denying the termination of guardianship.

{¶2}   On October 25, 2016, Ms. Shear filed a motion to review the   guardianship over her.   The magistrate conducted a hearing on the motion on November 14, 2016. Ms. Shear and her brother, Howard Shear, who is also her guardian, attended the hearing. Thereafter, the magistrate issued a decision recommending the guardianship be continued.   Ms. Shear filed objections to the magistrate's decision.   The trial court overruled the objections and adopted the magistrate's decision.   In doing so, the trial court found that Ms. Shear failed to provide satisfactory proof that the necessity for the guardianship no longer exists pursuant to R.C. 2111.47 and, therefore, the motion to terminate guardianship should be denied.

{¶3}   Ms. Shear now appeals the trial court's decision.   In her pro se appellate brief, however, Ms. Shear fails to set forth actual assignments of error pursuant to App.R. 16.   Notwithstanding the omission, we construe the thrust of her appeal, as stated in her "Questions Presented," is whether the guardianship over her should continue. Appellee-guardian, Mr. Shear, likewise responds to this issue.

**{¶4}** The probate court has broad discretion regarding the appointment of guardians. *In re Guardianship of Poulos*, 8th Dist. Cuyahoga No. 96366, 2011-Ohio-6472, ¶ 16, citing *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551, 609 N.E.2d 1310 (12th Dist.1992). Decisions regarding the appointment of guardians will not be reversed absent an abuse of that discretion. *Id.*

**{¶5}** Regarding the termination of a guardianship, Ohio law presumes that once a person is found to be incompetent, he or she remains incompetent. *In re Guardianship of Pinkney*, 8th Dist. Cuyahoga No. 102577, 2015-Ohio-2709, ¶ 8, citing *Poulos* at ¶ 18; *In re Guardianship of Michael*, 10th Dist. Franklin No. 07AP-264, 2007-Ohio-5967. This presumption, however, is rebuttable. *Id.*

**{¶6}** Under R.C. 2111.47, a guardianship may be terminated "upon satisfactory proof that the necessity for the guardianship no longer exists." "Satisfactory proof" is evidence that "causes the presumption to disappear where such evidence to the contrary [] counterbalances the presumption * * *." *Michael* at ¶ 6, quoting *In re Breece*, 173 Ohio St. 542, 184 N.E.2d 386 (1962). Therefore, the sole issue before the court in a proceeding to terminate the guardianship of an incompetent is whether the ward has presented "satisfactory proof that the necessity for the guardianship no longer exists," and where such "satisfactory proof" is presented, the court is under a mandatory duty to terminate the guardianship. *See Breece*, *supra*.

**{¶7}** Here, the magistrate held a hearing on Ms. Shear's motion to review the guardianship and, thus, terminate the guardianship. As the hearing commenced, the

magistrate took notice of a statement of expert evaluation filed in December 2015 by the ward's regular psychiatrist, Gretchen Gardner, M.D., in which Dr. Gardner indicated a need for an ongoing guardianship. Ms. Shear's guardian also presented a more recent statement of expert evaluation filed on November 9, 2016, that was prepared by John Sanitato, M.D. Dr. Sanitato indicated a need for a continuing guardianship as well.

{¶8} The guardian testified that his sister's mental status has declined to the point where he believes that nursing home placement will be necessary and he believes the guardianship should be continued. He explained that his sister requires long-term care because she does not take care of herself, and he referred to Dr. Sanitato's report.

{¶9} Thereafter, Ms. Shear testified in a rather incoherent manner. She stated that the guardianship process is a fraud, she has been "decompensated based upon what claims have been fictitiously made," and she has been the victim of identity theft. Ms. Shear presented the court with spreadsheets concerning her monthly bills, to which she repeatedly referred in response to the magistrate's questions. When the magistrate explained to Ms. Shear that she needed to provide evidence for the court to consider, she was unable to do so.

{¶10} In his findings of fact, the magistrate noted that Ms. Shear has been under guardianship since 2000 and both experts in the case agreed that guardianship should continue. The magistrate further noted that Dr. Sanitato's recent report included a "lengthy narrative statement" that established that Ms. Shear, who had been diagnosed with Schizoaffective Disorder and Bipolar Disorder, suffers from "severe thought

disorder, aggressive behavior, and grandiose and paranoid delusions" that requires "ongoing injectable medication."

**{¶11}** In denying Ms. Shear's motion, the magistrate found that Ms. Shear failed to provide any relevant information that would support termination of the guardianship. Rather, the magistrate stated, the information Ms. Shear presented at the hearing was "rambling, tangential, and not in the least bit supportive of terminating the guardianship." While noting that Ms. Shear is "an intelligent, educated woman," the magistrate found that she "unfortunately, has no insight into her mental illness." The magistrate therefore determined that Ms. Shear failed to meet her burden of proof to demonstrate restored mental capacity and the guardian continues to sustain his burden of clear and convincing evidence of the ward's mental disability. In adopting the magistrate's decision, the court agreed that Ms. Shear presented no evidence to warrant termination of the guardianship and the guardian was acting in Ms. Shear's best interest.

**{¶12}** In light of the above, we find that the trial court did not abuse its discretion in refusing to terminate the guardianship over Ms. Shear. Ms. Shear was unable to produce any "satisfactory proof" that the necessity for the guardianship no longer existed.

**{¶13}** Ms. Shear's sole assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the probate court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR